IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02412-PSF-PAC

SAHAR ALLEYNE,

    Plaintiff,

v.

MIDLAND MORTGAGE COMPANY;
MIDFIRST BANK;
STATE FARM INSURANCE;
SAFEGUARD PROPERTIES;
CHARLTON COMPANY;
PRIDE INVESTMENTS;
MARQ WARNER;
STANLEY ALLEYNE;
HOPKINS TSCHETTER SULZER, P.C.;
VICTOR SULZER;
MARK TSCHETTER; and
HOLLAND & HART;

    Defendants.[1]

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Patricia A. Coan, United States Magistrate Judge**

Plaintiff filed her amended complaint[2] on March 21, 2006, asserting negligence *per se* and outrageous conduct under state law and violations of the Fair Debt Collection Practices Act, (FDCPA), 15 U.S.C. § 1692 et seq.  A December 2, 2005 order of reference referred this case to the undersigned for pretrial case management

---

[1] The amended complaint lists the defendants only as "Midland Mortgage Company, a foreign corporation, *et al.*"  For ease of reference, I list separately each of the persons whom plaintiff identified as a defendant at the April 14, 2006 hearing.

[2] Plaintiff filed her original complaint *pro se,* and was given leave to amend her complaint at the March 8, 2006 scheduling conference.

and for recommendations on dispositive motions. On April 14, 2006, I heard oral argument on the referred motions which are: (1) defendants Hopkins, Tschetter, Sulzer, P.C., Victor Sulzer, and Mark Tschetter's motion to dismiss, filed January 18, 2006 [doc. # 6]; (2) defendant Holland & Hart's motions to dismiss, filed January 25, 2006 [doc. # 8] and March 29, 2006 [doc. # 52]; (3) Larry Eirich's motion to dismiss, filed February 3, 2006 [doc. # 13], which is now moot[3]; and (4) Plaintiff's Motion to Dismiss Holland & Hart, filed April 4, 2006, [doc. # 55]. At the April 14, 2006 hearing, plaintiff also verbally moved to dismiss Stanley Alleyne, State Farm Insurance, and the Charlton Company.

## I. Background

The claims in the amended complaint[4] arise from events from 2002 through 2004 surrounding foreclosure proceedings involving an Aurora, Colorado residence. Plaintiff received title to the property through a quitclaim deed from her father, Stanley Alleyne. Plaintiff claims that she paid the mortgage payments owed from "the previous homeowner" and sought to assume that mortgage. Amended Complaint (AC) ¶¶ 13-16 at 3. Plaintiff states further that, after unsuccessful attempts to assume the mortgage, foreclosure proceedings were initiated and that she was denied payoff amount information from defendants Midland Mortgage Company and MidFirst Bank, which would have allowed her to refinance or sell the home. AC, ¶ 24 at 4. Plaintiff claims

---

[3]On April 19, 2006, Judge Figa dismissed Larry Eirich after the parties stipulated to dismiss him from the action [doc. # 71].

[4]The plaintiff filed her original complaint *pro se*, alleging claims against defendants for due process violations in connection with the attempted foreclosure of the plaintiff's Aurora residence. Mr. Alston entered his appearance on March 16, 2006 and signed the amended complaint.

that various defendants induced her to believe that they were collecting on the mortgage debt or for other creditors.

On April 14, 2006, plaintiff indicated that State Farm Insurance, Charlton Company and Larry Eirich are some of the "*et alia*" defendants, but they are not mentioned in the body of the amended complaint. Stanley Alleyne is identified only once in the amended complaint as the previous "mortgagor"[5] of plaintiff's property. AC ¶11 at 3. Holland & Hart is named only at ¶23 of the amended complaint at 4, but is not listed as a defendant in any of plaintiff's claims. Plaintiff specifically asserts violations of the FDCPA, at 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692f, and 1692j. See AC at 9-12.

## II. Standard of Review

The party bringing an action in federal court bears the burden of showing that the case falls within the court's subject matter jurisdiction. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994). Where the defendants' challenge to the court's subject matter jurisdiction is lodged as a facial attack on the complaint, the court must accept the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). If the defendant goes beyond the allegations of the complaint and challenges the facts upon which subject matter jurisdiction depends, the court may not presume the truthfulness of the plaintiff's factual allegations, but must resolve disputed issues of fact. *Id.* at 1003. The court's reference to documents outside the pleadings does not convert the Rule 12(b)(1) motion into a Rule 56 motion.

---

[5] I presume plaintiff meant that Stanley Alleyne was the previous mortgagee.

3

*Id.*

In considering a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6), the court accepts well-pleaded factual allegations as true and resolves all reasonable inferences in plaintiff's favor. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Bauchman v. West High School*, 132 F.3d 542, 550 (10th Cir. 1997)(internal citations omitted). Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see, also, Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 586 (10th Cir. 1994); *Miller*, 948 F.2d at 1565. The court will not construct legal theories which assume facts that have not been pleaded, *see Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), and is not obligated to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### III. Analysis

Holland & Hart seeks dismissal here for lack of subject matter jurisdiction in its first motion to dismiss January 25, 2006 [doc. # 8]. Holland & Hart renewed its motion on March 29, 2006 [doc. # 52], after the filing of the amended complaint, and requested attorney's fees under C.R.S. § 13-17-201. Plaintiff did not respond to Holland & Hart's second motion to dismiss.[6]

Hopkins, Tschetter, Sulzer, P.C., Victor Sulzer, and Mark Tschetter [hereafter

---

[6] Plaintiff did, however, move to dismiss Holland & Hart voluntarily as "not necessary to this civil action" on April 4, 2006. See Doc. # 55. Holland & Hart objected to a dismissal without prejudice and without the payment of Holland & Hart's fees and costs. See Doc. # 75.

Hopkins Tschetter defendants] moved to dismiss on FED.R.CIV.P. 12(b)(1) and (6) grounds on January 18, 2006 [doc. # 6].  On April 27, 2006, Marq Warner and Pride Investments, Inc. filed their motion to dismiss on FED.R.CIV.P. 12(b)(1) and (6) grounds [doc. # 84].

### A. Subject Matter Jurisdiction

FED. R. CIV. P. 8 requires a complaint to contain a short and plain statement of the grounds upon which the court's jurisdiction depends.  Plaintiff states that "jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1332, and 1337." [7] AC at 1.

Jurisdiction is a threshold issue which should be addressed prior to consideration of the merits.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).  Subject matter jurisdiction is "the courts' statutory or constitutional power to adjudicate the case."  *United States v. Cotton*, 535 U.S. 625, 630 (2002) (quoting *Steel Co.*, 523 U.S. at 89).  Federal courts presume that no jurisdiction exists absent an adequate showing by the party trying to invoke jurisdiction, *Karnes v. Boeing Corp.*, 335 F.3d 1189, 1194 (10th Cir. 2003), who has the burden of showing that the case falls within the court's subject matter jurisdiction.  *Henry*, 43 F.3d at 512.   FED. R. CIV. P. 12(h)(3), provides that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court will dismiss the action."

### *1. § 1332 Diversity Jurisdiction*

To establish subject matter jurisdiction by diversity under 28 U.S.C. § 1332, a

---

[7] I construe the reference to 28 U.S.C. § 1337 as a mistake because § 1367 provides the statutory basis for supplemental jurisdiction

5

party must show that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000.  *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004), citing *Cotton*, 535 U.S. at 630 (internal quotation omitted).  Diversity jurisdiction attaches only when all parties on one side of the litigation reside in a state or states different from all parties on the other side of the litigation.  *Depex Reina 9 Partnership v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990).

Here, plaintiff confirmed that she is domiciled in Colorado  at the April 14, 2006 hearing.  The Hopkins, Tschetter defendants, Holland & Hart, Marq Warner and Pride Investments, Inc., also are domiciled in Colorado.  Complete diversity is not pleaded in the amended complaint.  See AC at 2.  Consequently, because complete diversity was not pleaded, and because plaintiff resides in Colorado and some defendants reside in Colorado, complete diversity does not exist, so that the court does not have subject matter jurisdiction over the Hopkins Tschetter defendants, Holland & Hart, Marq Warner and Pride Investments, Inc.   They should be dismissed under Rule 12(b)(1).

*2. Federal Question Jurisdiction under the FDCPA*

Plaintiff alleges jurisdiction under 28 U.S.C. §1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The Fair Debt Collection Practices Act (FDCPA) is a law of the United States and plaintiff alleges that all defendants violated the FDCPA .

The FDCPA was enacted to combat "abusive, deceptive and unfair debt

collection practices." 15 U.S.C. § 1692(a).  The express purpose of the statute is "to eliminate abusive debt collection practices by *debt collectors*, to insure that those *debt collectors* who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e) (emphasis added).

Construing the amended complaint broadly, I find that plaintiff alleges that Midland Mortgage, MidFirst Bank, Marq Warner, Mark Tschetter, Victor Sulzer, and Hopkins, Tschetter, Sulzer, P.C., violated the FDCPA, 15 U.S.C. § 1692, *et seq.*; § 1692c (communication in connection with debt collection); § 1692d (harassment or abuse);  § 1692e (false or misleading representations);  § 1692f (unfair practices); and § 1692j (furnishing certain deceptive forms).   See AC at 9-12.

Hopkins Tschetter Defendants

The Hopkins Tschetter defendants argue that they should be dismissed because plaintiff has failed to allege a federal question claim against any of them.  Hopkins Tschetter motion to dismiss [doc. # 6] at 2.  Holland & Hart also contends that plaintiff has not alleged a federal question claim against it.  Holland & Hart motions to dismiss [doc. # 8] at 2-4 and [doc. # 52] at 1-2.  Finally, Marq Warner and Pride Investments, Inc. contend that, absent a showing that they are "debt collectors" subject to the FDCPA, there is no federal question subject matter jurisdiction on which plaintiff can assert claims against them in this court.  Warner and Pride Investments, Inc. motion to dismiss at 2.

"Because the FDCPA ... is a remedial statute, it should be construed liberally in

favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) (citations omitted). I therefore consider the plaintiff's allegations of FDCPA violations in her amended complaint and note that "jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Davoll v. Webb*, 194 F.3d 1116, 1129 (10th Cir. 1999)(citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

### Holland & Hart

Upon my review of the amended complaint, I do not find any federal claim stated against Holland & Hart, which moved to dismiss because of plaintiff's failure to state a claim in either the original *pro se* complaint or in the amended complaint filed through counsel. Without a statement of a federal claim against Holland & Hart, there is no basis for subject matter jurisdiction under Rule 12(b)(6), Fed. R.Civ.P. I therefore recommend that Holland & Hart's motion to dismiss be granted on both FED.R.CIV.P. 12(b)(1) and 12(b)(6) grounds.

### Hopkins Tschetter Defendants

The only allegation asserted against the Hopkins Tschetter defendants is in plaintiff's fifth claim for "violation of 15 § 1692j," which contains a reference to a "spurious *lis pendens*" (¶ 70) and to an e-mail plaintiff received (¶ 71). AC at 11-12. Plaintiff claims that the *lis pendens* filed on the Aurora property was signed by Victor Sulzer of Hopkins, Tschetter, Sulzer, P.C. and that the e-mail was sent, which was "intended to create the false belief" that those defendants were "participating in" the

collection of a debt. AC, ¶ ¶ 70, 71 at 11[8]. The Hopkins Tschetter defendants move to dismiss on the ground that no FDCPA claim against them is stated in the complaint.

Further, the FDCPA, at § 1692(j) provides:

It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

The threshold requirement for application of the FDCPA is the existence of a debt as that term is contemplated by the FDCPA. 15 U.S.C.A. §§ 1692 *et seq*. *Cook v. Hamrick*, 278 F. Supp. 2d 1202, 1204 (D. Colo. 2003) (citation omitted). Plaintiff has not alleged that she owes a debt to the Hopkins Tschetter defendants, or that Hopkins Tschetter is a debtor.

Moreover, the Hopkins Tschetter defendants asserted that they are not "debt collectors" within the meaning of the FDCPA in their Reply to Motion to Dismiss, filed February 8, 2006 (doc. #15), ¶ 4 at 2. In her (*pro se*) surreply, plaintiff did not rebut the defendants' assertions that they are not "debt collectors" under the FDCPA, within the meaning of the FDCPA, but only recited the statutory language from § 1692j, and from a criminal statute, 18 U.S.C. § 1018 (criminal offenses relating to fraud and false statements).

I recommend finding that a *lis pendens* is not a lien, but is a document that merely gives notice of pending litigation to persons acquiring an interest in the real

---

[8]The amended complaint does not include the *lis pendens*, which is attached as exhibit 1 to plaintiff's complaint.

9

property. See *Thomas v. Oken*, 699 P.2d 7 (Colo. App. 1984). As a notice of pending litigation, a *lis pendens* is not a dunning letter nor is it any other instrument used for the purpose of collecting a debt. There further are no allegations to indicate that the email was used for the purpose of collecting a debt under the FDCPA. Accordingly, plaintiff has not been able to demonstrate any connection between the Hopkins Tschetter defendants and a debt which would be governed by the FDCPA.

The FDCPA at 15 U.S.C. § 1692(j) applies only to "debt collectors." A "debt collector" is defined as: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . ."15 U.S.C. § 1692(a)(6).

Plaintiff has not alleged, however, any facts to support a finding that the Hopkins, Tschetter defendants are "debt collectors" within the meaning of the FDCPA. See AC ¶¶ 6,7, at 2. Rather, Hopkins Tschetter is a law firm. The FDCPA applies to lawyers only if they are lawyers regularly engaged in consumer debt-collection litigation on behalf of creditor clients. *Cook*, 278 F.Supp.2d at 1205, citing *Heintz v. Jenkins*, 514 U.S. 291 (1995)(attorney regularly engaged in actions on bank's behalf to recover balances due on defaulted car loans within definition of "debt collector" under 15 U.S.C. § 1692a(6)).

I recommend finding that, because the Hopkins Tschetter email and *lis pendens* are not evidence of a debt and are not debt collection mechanisms, and because the Hopkins Tschetter defendants are not "debt collectors" within the meaning of the

FDCPA, the FDCPA does not apply. There is, accordingly, no federal question claim brought against the Hopkins Tschetter defendants, so that the claims against them should be dismissed for lack of subject matter jurisdiction.

### Warner and Pride Investments

In her first claim against Warner and Pride Investments, Inc., for violation of § 1692c, plaintiff alleged that Marq Warner, acting on behalf of Pride Investments, Inc. appeared at her residence to "harass plaintiff with false documentation." AC ¶ 53 at 9. Plaintiff repeated the same allegation in her second and third claims. AC ¶¶ 56, 60 at 10. In the third claim, for violation of § 1692e, plaintiff further alleged that Warner "threatened to take an action he could not legally take when he threatened to take possession of the property." AC ¶ 62 at 10. The only FDCPA reference to Pride Investments, Inc. is in the first claim, where plaintiff alleges that Warner was acting on behalf of Pride Investments, Inc. AC ¶ 53 at 9.[9] Marq Warner and Pride Investments, Inc. move to dismiss because plaintiff has failed to allege that either or both violated the FDCPA.

Plaintiff does not provide any facts here to show the existence of a "debt" to Marq Warner or to Pride Investments, Inc., or to show any debt or debt collection activity by either Warner or Pride Investments, Inc., or to show that either Warner or Pride Investments, Inc. is a "debt collector[]" within the meaning of the FDCPA. See *Cook*, 278 F.Supp.2d at 1204, 1205 (no basis for subject matter jurisdiction where

---

[9]Marq Warner and Pride Investments, Inc. also are listed as defendants in the outrageous conduct claim. AC ¶ 88 at 14

FDCPA claim based on bald assertion that attorney sued under the FDCPA for his representation of landlord in a eviction proceeding was a "debt collector" within meaning of the FDCPA). Further, plaintiff did not rebut Warner and Pride Investments, Inc. motion to dismiss arguments in her response to the motion[10]. As a result, while I could recommend granting Warner and Pride Investments, Inc.'s motion to dismiss as confessed, I instead recommend Warner and Pride Investments, Inc.'s dismissal because plaintiff's conclusory allegations do not state a claim against either of them. See *Whitney,* 113 F.3d at 1173-74 (Court is not required to "supply additional factual allegations to round out a plaintiff's complaint.")

### B. Supplemental Jurisdiction over State Law Claims

Plaintiff claims this court should exercise supplemental jurisdiction[11] over her state law claims for negligence *per se* and outrageous conduct.

#### 1. Negligence per se

Plaintiff contends that Midland Mortgage, MidFirst Bank, Hopkins Tschetter Sulzer, P.C., and Safeguard Properties committed negligence *per se* by their violations of the "standards of care"[12] established by the FDCPA. AC ¶¶ 76-84 at 12-13. Under Colorado law, negligence *per se* may be established where the defendant's

---

[10] The only FDCPA claim plaintiff refers to in her response is her claim against Midland Mortgage and MidFirst Bank, under the heading "statement of facts." Plaintiff's response to Warner and Pride Investments, Inc.'s Motion to Dismiss [doc. # 105] at 2.

[11] The statutory basis for supplemental jurisdiction is found at 28 U.S.C. § 1367. Under §1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . ."

[12] Plaintiff lists §§1692c, 1692c(b), 1692d, 1692e, 1692e(5), 1692f, 1692f(6) and 1692g for the FDCPA standards of care. AC at 12-14.

actions are in violation of a statute enacted for the public's safety, and where it is established that the violation of the statute proximately caused the plaintiff's injury. *Lyons v. Nasby*, 770 P.2d 1250, 1257 (Colo.1989). The plaintiff "must also show that he or she is a member of the class of persons whom the statute was intended to protect and that the injuries suffered were of a kind that the statute was enacted to prevent." *Id.*

The FDCPA is a federal remedial statute which is not based on any traditional tort law principles.  The FDCPA does not establish any "standards of care" nor does it provide a basis for tort liability grounded in negligence.[13]   I recommend finding that simply because the FDCPA's statutory purpose is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses..."    15 U.S.C. § 1692(e), an independent duty to a debtor is not created.  Further, the FDCPA was not enacted for the public's safety, and cannot reasonably be implicated as a causation factor in plaintiff's claimed "injury" even if an FDCPA violation had occurred.  The FDCPA also provides its own remedies for violations, which do not exist at common law and the FDCPA therefore cannot be relied upon to support a negligence *per se* claim.  *Henry v. Kemp*, 829 P.2d 505, 506 (Colo.App. 1992) (citations omitted) (where a statute provides a specific means of enforcing legal duties that are unknown

---

[13] 15 U.S.C. § 1692k establishes civil liability for a debt collector's failure to comply with any provision of the preceding subchapter [of the Act] only.

at common law, that statutory remedy will be considered exclusive).  In addition, plaintiff's negligence *per se* claim is not "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" 28 U.S.C. § 1367(a).  I recommend that the court decline supplemental jurisdiction over the negligence per se claim.  The negligence per se claim should be dismissed.

### *2. Outrageous Conduct*

Plaintiff's seventh claim is for outrageous conduct.   Under Colorado law, the tort of outrageous conduct has three elements, requiring plaintiff to prove that the defendant "(1) . . . engaged in extreme and outrageous conduct, (2) recklessly or with the intent of causing the plaintiff severe emotional distress, and (3) causing the plaintiff severe emotional distress."  *Pearson v. Kancilia*, 70 P.3d 594, 597 (Colo. App. 2003).

Plaintiff alleges that "[b]y virtue of their intentional acts and omissions, coercion and threats, indifference to Plaintiff [sic] rights, the knowing violation of federal statutory laws, the Defendants Midland Mortgage Company, Midfirst Bank, Safeguard Properties, Pride Investments, Inc., Marq Warner, Hopkins Tschetter Sulzer, P.C. and Victor Sulzer have engage [sic] in extreme and outrageous conduct." AC ¶ 88 at 14.  Plaintiff's reference to the alleged violation of "federal statutory laws" notwithstanding, there is not any basis on which I might conclude that the outrageous conduct claim is "so related to claims in the action within such original jurisdiction that [it forms] part of the same case or controversy," 28 U.S.C. § 1367(a), as plaintiff's FDCPA claim.

Whether to exercise supplemental jurisdiction is committed to the court's sound discretion.  *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173

14

(1997).  I recommend dismissal of the state law claims as having little to do with plaintiff's FDCPA claims and not involving the same case or controversy.  Accordingly, because I recommend dismissal of plaintiff's FDCPA claims against the Hopkins Tschetter defendants, Holland & Hart, Marq Warner, and Pride Investments, Inc., I also recommend that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims against those defendants under §1367(c)(3).  Plaintiff's sixth and seventh claims for relief should be dismissed without prejudice.

### III.  Multiplication of Proceedings Under 28 U.S.C. §1927

Generally, a court may, in the exercise of its inherent powers, impose sanctions *sua sponte*.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 n.8 (1991).  Sanctions under §1927 are appropriate when an attorney acts recklessly or with indifference to the law.  Sanctions also may be imposed when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or when the entire course of the proceedings was unwarranted.  *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005) (internal quotations and citations omitted).  Attorney fees may be assessed against an attorney under 28 U.S.C. §1927(2005) ". . . who so multiplies the proceedings in any case unreasonably and vexatiously [and who] may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"; *see also Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1164-5 (10th Cir. 1985).  "Multiplication" of the proceedings, as contemplated by § 1927, does not include the initiation of the complaint.  *Steinert v. Winn Group*, 440 F.3d 1214, 1224-25 (10th Cir.

2006).

The standard to be applied is one of objective bad faith. Under this standard, sanctions are appropriate when: (1) an attorney attempts to mislead the court; (2) an attorney intentionally acts without a plausible basis; (3) the entire course of proceedings is unwarranted; or (4) certain discovery is substantially unjustified and interposed for the purposes of harassment, unnecessary delay, and to increase the costs of litigation. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998).

Holland & Hart filed two jurisdictional motions to dismiss, which did not even get plaintiff's counsel's attention until April 4, 2006 when he moved for voluntary dismissal of the claims against Holland and Hart. At minimum, plaintiff's counsel should have figured out that plaintiff lacked complete diversity with Holland & Hart and further determined that there was no federal claim stated against the firm. There simply was no basis for jurisdiction in this court over Holland & Hart and counsel for plaintiff multiplied the proceedings by persisting in the claims in the amended complaint, necessitating a second motion to dismiss. Similarly, there was no basis for jurisdiction over the Hopkins Tschetter defendants, who also were named in the amended complaint and who defended by filing their motion to dismiss. Moreover, the amended complaint does not provide any facts to support plaintiff's contentions that these defendants are "debt collectors" as defined by the FDCPA, or to otherwise give factual support for plaintiff's claims of FDCPA violations against them, or support for the plaintiff's state law claims against the Hopkins Tschetter defendants. Upon his review of plaintiff's *pro se* complaint, plaintiff's counsel knew or should have known that no

16

legal basis existed for the pursuit of those claims against these defendants. I could therefore conclude that plaintiff's attorney unreasonably multiplied the proceedings under 28 U.S.C. §1927 by pursuing plaintiff's claims against the Hopkins Tschetter defendants and Holland & Hart[14] in the amended complaint.

For those reasons, I recommend that plaintiff's counsel be ordered to show cause why he should not be sanctioned under § 1927 for persisting in the claims against the Hopkins Tschetter (Hopkins, Tschetter, Sulzer, P.C., Victor Sulzer, and Mark Tschetter) defendants and against Holland & Hart, and why he should not be ordered to pay those defendants attorney fees and costs for defending against the amended complaint filed in this action.

### IV. Recommendations

For the reasons stated, it is hereby

**RECOMMENDED** that Larry Eirich's Motion to Dismiss [doc. # 13] **be denied as mooted by his dismissal from this action on April 19, 2006**; it is

**FURTHER RECOMMENDED** that Holland & Hart's Motion to Dismiss for Lack of Jurisdiction (# 8), and Motion to Dismiss (# 52) **be granted and that Holland & Hart and all claims against it be dismissed with prejudice from this action**; it is

**FURTHER RECOMMENDED** that the motion to dismiss filed by Hopkins, Tschetter, Sulzer, P.C., Victor Sulzer, and Mark Tschetter (# 6) **be granted and that Hopkins, Tschetter, Sulzer, P.C., Victor Sulzer, and Mark Tschetter and all claims**

---

[14]I do not include Warner and Pride Investments, Inc. in the § 1927 recommendation because they were served only with the amended complaint. As a result, there was not a "multiplication" of proceedings against them.

**against them be dismissed with prejudice.** It is

**FURTHER RECOMMENDED** that the motion to dismiss filed by Marq Warner and Pride Investments, Inc. (# 84) **be granted and that Marq Warner and Pride Investments, Inc. and all claims against them be dismissed with prejudice** from this action; it is

**FURTHER RECOMMENDED** that Plaintiff's Motion to Dismiss Holland & Hart, filed April 4, 2006, Doc. # 55, **be denied as moot**; it is

**FURTHER RECOMMENDED** that plaintiff's verbal Motion to Dismiss Stanley Alleyne, State Farm Insurance, and Charlton Company, raised at the April 14, 2006 hearing, be **granted** and that **Stanley Alleyne, State Farm Insurance, and Charlton Company be dismissed from this action with prejudice** pursuant to FED.R.CIV.P. 41(a)(2); it is

**FURTHER RECOMMENDED** that the court decline to exercise supplemental jurisdiction over plaintiff's state law tort claims and that plaintiff's claims for negligence per se and outrageous conduct be **dismissed without prejudice**; and it is

**FURTHER RECOMMENDED** that plaintiff's attorney be directed to show cause, on or before ten days after ruling on this Recommendation, why he should not be sanctioned under 28 U.S.C. § 1927 and under Section 13-17-201, Colorado Revised Statutes, for persisting in plaintiff's claims against the Hopkins Tschetter defendants and Holland & Hart in the second amended complaint and in briefing on the responsive motions to dismiss.

**Within ten days after being served with a copy of the proposed findings**

**and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district court judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated this 19th  day of June, 2006.

                                                BY THE COURT:

                                                 s/ Patricia A. Coan
                                                PATRICIA A. COAN
                                                United States Magistrate Judge