IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02412-PSF-PAC

SAHAR ALLEYNE,

    Plaintiff,

v.

MIDLAND MORTGAGE COMPANY;
MIDFIRST BANK;
STATE FARM INSURANCE;
SAFEGUARD PROPERTIES;
CHARLTON COMPANY;
PRIDE INVESTMENTS;
MARQ WARNER;
STANLEY ALLEYNE;
HOPKINS TSCHETTER SULZER LAW FIRM;
VICTOR SULZER;
MARK TSCHETTER; and
HOLLAND & HART,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (Dkt. # 115), filed June 19, 2006, in which the Magistrate Judge recommends that this Court (1) deny Defendant Larry Eirich's Motion to Dismiss (Dkt. # 13) as moot; (2) grant Defendant Holland & Hart's Motion to Dismiss for Lack of Jurisdiction (Dkt. # 8), and Motion to Dismiss (Dkt. # 52) and dismiss Holland & Hart from this action; (3) grant the motion to dismiss filed by Defendants Hopkins, Tschetter, Sulzer, P.C., Victor Sulzer, and Mark Tschetter (Dkt. # 6) and dismiss Hopkins,

Tschetter, Sulzer, P.C., Mr. Sulzer, and Mr. Tschetter from this action; (4) grant the motion to dismiss filed by Defendants Marq Warner and Pride Investments, Inc. (Dkt. # 84) and dismiss Mr. Warner and Pride Investments from his action; (5) deny Plaintiff Sahar Alleyne's Motion to Dismiss Holland & Hart, (Dkt. # 55), as moot; (6) grant plaintiff's verbal Motion to Dismiss Stanley Alleyne, State Farm Insurance, and Charlton Company, raised at the April 14, 2006 hearing, and dismiss Mr. Alleyne, State Farm Insurance and Charlton Company from this action; (7) decline to exercise supplemental jurisdiction over plaintiff's state law tort claims and dismiss plaintiff's claims for negligence *per se* and outrageous conduct; and (8) direct plaintiff's attorney to show cause, on or before ten days after ruling on this Recommendation, why he should not be sanctioned under 28 U.S.C. § 1927 and under C.R.S. § 13-17-201 for persisting in plaintiff's claims against the Hopkins Tschetter defendants and Holland & Hart in the second amended complaint and in briefing on the responsive motions to dismiss. Plaintiff Sahar Alleyne filed her Objection on June 29, 2006 (Dkt. # 116).

Also before the Court is Plaintiff's Appeal of the Magistrate Judge's Decision Denying the Third Amendment to the Scheduling Order (Dkt. # 128). The Court's review of the Magistrate Judge's Recommendation is governed by 28 U.S.C. § 636(b)(1) and F.R.Civ.P. 72(b). This Court held a hearing on the above motions on August 22, 2006.

Ms. Alleyne originally filed her Complaint *pro se* on November 29, 2005. She filed an Amended Complaint through counsel on March 22, 2006, alleging state law claims of negligence per se and outrageous conduct and federal law claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in connection

2

with foreclosure proceedings.  The factual background is adequately set forth in the Magistrate Judge's Recommendation of June 19, 2006.

## I.  LARRY EIRICH'S MOTION TO DISMISS

As stated orally at the hearing on August 22, 2006, the Court accepts and adopts the recommendation of the Magistrate Judge as to Mr. Eirich's Motion to Dismiss (Dkt. # 13), and denies it as moot.

## II.  HOLLAND & HART'S MOTIONS TO DISMISS

As stated orally at the hearing on August 22, 2006, the Court declines to adopt the recommendation of the Magistrate Judge as to Holland & Hart's two motions to dismiss (Dkts. ## 8 and 52), and instead denies them as moot.

## III.  PLAINTIFF'S MOTION TO DISMISS HOLLAND & HART

As stated orally at the hearing on August 22, 2006, the Court declines to adopt the recommendation of the Magistrate Judge as to plaintiff's voluntary motion to dismiss (Dkt. # 55), and grants the motion in part.  The Court dismisses Holland & Hart with prejudice pursuant to F.R.Civ.P. 41(a)(2), rather than without prejudice as requested by plaintiff in her motion.  Holland & Hart is not entitled to attorneys fees due to the dismissal with prejudice as it requested.  *See e.g. Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (defendant is not entitled to attorneys' fees when dismissal is with prejudice "absent exceptional circumstances").  This case did not reach the point where the Court could discern whether such exceptional circumstances existed as to that law firm defendant.

## IV. WARNER AND PRIDE INVESTMENTS' MOTION TO DISMISS

As stated orally at the August 22, 2006 hearing, the Court accepts and adopts the Magistrate Judge's Recommendation to grant Warner's and Pride Investment's Motion to Dismiss (Dkt. # 84), and Mr. Warner and Pride Investments are dismissed with prejudice from this action.

## V. HOPKINS, TSCHETTER, SULZER, P.C., VICTOR SULZER AND MARK TSCHETTER'S MOTION TO DISMISS

The Magistrate Judge in her Recommendation suggests that "the Hopkins Tschetter defendants are not 'debt collectors' within the meaning of the FDCPA [and thus] the FDCPA does not apply. There is, accordingly, no federal question claim brought against the Hopkins Tschetter defendants, so that the claims against them should be dismissed for lack of subject matter jurisdiction." Recomm. at 11. The Magistrate Judge also recommends finding that there is no debt owing to these defendants, as is required for application of the FDCPA, as "a *lis pendens* is not a lien, but is a document that merely gives notice of pending litigation to persons acquiring an interest in the real property." *Id.* at 9-10. Plaintiff in her Objection contends that these defendants are debt collectors, and that they violated § 1692j of the FDCPA by filing a false *lis pendens* which created a false belief in plaintiff that they were attempting to collect a debt owed on the property in question. Object. at 14.

Defendants are lawyers, and as such, are subject to the FDCPA "only if they are lawyers regularly engaged in consumer debt-collection litigation on behalf of creditor clients." *Cook v. Hamrick*, 278 F. Supp. 2d 1202, 1205 (D. Colo. 2003) (citing *Heintz v. Jenkins*, 514 U.S. 291 (1995)). In *Cook*, the District Court dismissed the claim against

4

the defendant lawyers for failure to establish a claim under the FDCPA where the plaintiff "merely parrot[ed] the language of § 1692a(6) to assert [defendant] is a 'debt collector' within the meaning of the Act . . . and offer[ed] no factual basis to conclude that [defendant] regularly represent[ed] creditors in consumer or any other debt collection activities." *Id.* (internal citations omitted).

Here, plaintiff has similarly not provided any factual basis for finding that the Hopkins Tschetter defendants regularly engaged in debt collection litigation, and thus her claim is subject to dismissal. *See* Am. Compl. at ¶¶ 6-7 (conclusory statements that defendants are debt collectors). Although plaintiff claims in her Objection that the Hopkins Tschetter defendants' website indicates a debt collection service, this argument was not advanced in response to the underlying motion to dismiss (*see* Dkt. # 16) and was apparently never raised before the Magistrate Judge.

A party generally may not raise new arguments to the district court not presented to the Magistrate Judge. *See e.g. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994), *cert. denied*, 513 U.S. 1163 n.5 (1995) (finding a party had waived arguments presented to the district court not raised to the magistrate court); *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) ("[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate [judge], wait to see which way the wind was blowing, and–having received an unfavorable recommendation–shift gears before the district judge. . . . The [litigant] is not entitled to yet another nibble at this particular apple."). Therefore, only those

arguments raised before the Magistrate Judge will be considered, and such arguments and pleadings reflect a failure to provide a sufficient factual basis for finding that the Hopkins Tschetter defendants regularly engaged in debt collection litigation.

It is thus unnecessary to address the true nature of the *lis pendens* in this case, as plaintiff has not established a claim under the FDCPA against these defendants. The Court accepts and adopts the Magistrate Judge's Recommendation to grant Hopkins, Tschetter, Sulzer, P.C.'s, Victor Sulzer's and Mark Tschetter's Motion to Dismiss (Dkt. # 6), and they are dismissed with prejudice from this action.

## VI. PLAINTIFF'S ORAL MOTION TO DISMISS ALLEYNE, STATE FARM INSURANCE AND CHARLTON COMPANY

The Magistrate Judge recommends that plaintiff's oral motion, made at the April 14, 2006 hearing, to dismiss Stanley Alleyne, State Farm Insurance and Charlton Company be granted and that the named defendants be dismissed with prejudice pursuant to F.R.Civ.P. 41(a)(2). Plaintiff does not object to this finding, and a review of the underlying motion and the record show that the Magistrate Judge's conclusion represents a correct application of the facts and the law and is not clearly erroneous. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). The Court accepts and adopts the Magistrate Judge's Recommendation to grant plaintiff's oral motion to dismiss Alleyne, State Farm Insurance and Charlton Company.

**VII.    PLAINTIFF'S STATE LAW TORT CLAIMS**

Plaintiff also brings state law claims for negligence *per se* and outrageous conduct in her Amended Complaint against the Hopkins Tschetter defendants and the Warner Pride defendants, claiming that this Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over these state law claims.  Section 1367 provides that a federal court with original jurisdiction over a claim also has supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Even if a "common nucleus of operative fact" exists, however, "federal jurisdiction is not mandatory over pendent claims or parties." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004).  Under §1367(c), a district court "may decline to exercise supplemental jurisdiction, and the Supreme Court repeatedly has determined that supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion." *Id.* (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) and *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

Here, the Magistrate Judge recommends declining to exercise supplemental jurisdiction over the state law claims on the basis that they do not form the same case or controversy and as a matter of discretion.  Recomm. at 13-15.  Plaintiff has not objected to this recommendation.  A review of the underlying claims and the record show that the Magistrate Judge's recommendation represents a correct application of the facts and the law and is not clearly erroneous.  The Court accepts and adopts the Magistrate Judge's Recommendation to decline to exercise supplemental jurisdiction

over plaintiff's state law claims, and plaintiff's claims for negligence *per se* and outrageous conduct are thus dismissed.

## VIII. SHOW CAUSE RECOMMENDATION

Plaintiff proceeded *pro se* in her claim until March 16, 2006, when counsel entered an appearance on her behalf (Dkt. # 36). Plaintiff through counsel then filed an Amended Complaint on March 22, 2006 (Dkt. # 45). The Magistrate Judge recommends that plaintiff's counsel be ordered to show cause why he should not be sanctioned under 28 U.S.C. § 1927 for persisting in claims against the Hopkins Tschetter defendants and against Holland & Hart, and why he should not be ordered to pay those defendants attorneys fees and costs. Recomm. at 17.

Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law, or when an attorney is cavalier or bent on misleading the court, intentionally acts without a plausible basis, or when the entire course of the proceedings was unwarranted. *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005). Attorneys fees may be assessed against an attorney pursuant to § 1927 when that attorney "so multiplies the proceedings in any case unreasonably and vexatiously [and] may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

The Magistrate Judge in her Recommendation noted that Holland & Hart's two motions to dismiss "did not even get plaintiff's counsel's attention until April 4, 2006 when he moved for voluntary dismissal." Recomm. at 16. Further, because no basis for jurisdiction existed over Holland & Hart, "counsel for plaintiff multiplied the

8

proceedings by persisting in the claims in the amended complaint, necessitating a second motion to dismiss."

However, the record reflects that soon after entering an appearance, counsel in this case filed an Amended Complaint that omitted any claims against the Holland & Hart defendants. Further, after Holland & Hart filed its second motion to dismiss, plaintiff's counsel attempted to clarify plaintiff's position with regard to Holland & Hart by submitting a voluntary motion to dismiss. Although plaintiff's counsel could perhaps have acted with more alacrity and clarity, this Court does not find a basis for finding bad faith or actions warranting sanctions or an imposition of attorneys fees against plaintiff's counsel for maintaining claims against Holland & Hart.

As to the claims against the Hopkins Tschetter defendants, the Magistrate Judge notes that the Amended Complaint "does not provide any facts to support plaintiff's contentions that these defendants are 'debt collectors' as defined by the FDCPA, or to otherwise give factual support for plaintiff's claims of FDCPA violations against them, or support for the plaintiff's state law claims against the Hopkins Tschetter defendants." Recomm. at 16. Because plaintiff's counsel "knew or should have known" after reviewing plaintiff's *pro se* Complaint that "no legal basis existed for pursuit of these claims against these defendants," the Magistrate Judge "could therefore conclude that plaintiff's attorney unreasonably multiplied the proceedings under 28 U.S.C. § 1927 by pursuing plaintiff's claims against the Hopkins Tschetter defendants . . . in the amended complaint." *Id.* at 16-17.

Plaintiff objects to this recommendation, first noting that plaintiff's attorney "had no responsibility in the filing of the original [*pro se*] complaint against" the Hopkins

9

Tschetter defendants. Object. at 6. Further, plaintiff contends that counsel "had a legally plausible basis for continuing the claim against the HTS Firm." *Id.* at 7.

Although the Court agrees that the Magistrate Judge correctly found no basis for exercising federal jurisdiction over these defendants, the Court declines to impose sanctions or assess attorneys fees against counsel for plaintiff. Plaintiff's counsel contends that he reviewed the Hopkins Tschetter website, which listed one of its services as "collections and liens." *Id.* At the hearing on August 22, 2006, counsel for the Hopkins Tschetter defendants admitted that the firm met the state law definition for debt collectors, but claimed it did not meet the federal definition justifying a FDCPA claim. Further, plaintiff's counsel contends that the *lis pendens* is a debt collection mechanism, *id.*, and therefore plaintiff's counsel filed the Amended Complaint against these defendants in a good faith belief as to the legitimacy of the claim. The Court does not find that these circumstances warrant imposition of sanctions or an assessment of attorneys fees against counsel for plaintiff.

### IX. PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING THIRD AMENDMENT TO SCHEDULING ORDER

Plaintiff, pursuant to F.R.Civ.P. 72(a), objects the Magistrate Judge's Order of July 26, 2006 denying plaintiff's request to amend the scheduling order for a third time to extend discovery from July 15, 2006 until December 15, 2006. The Magistrate Judge denied plaintiff's request to amend for a lack of good cause shown, as required by F.R.Civ.P. 16(b).

Magistrate judges are authorized to hear and determine any nondispositive pretrial matter referred to them. *See* F.R.Civ.P. 72(a), 28 U.S.C. § 636(b)(1)(A).

Review of a magistrate judge's rulings on a nondispositive motion, such as the discovery motion at issue here, is subject to the "clearly erroneous or contrary to law" standard. *Clark v. Poulton*, 963 F.2d 1361, 1363 (10th Cir.), *cert. denied*, 506 U.S. 1014 (1992); *Smith v. Colorado Interstate Gas Co.*, 794 F. Supp. 1035, 1040 (D. Colo. 1992). An order is "clearly erroneous" when the reviewing court, after evaluating the entirety of the evidence, is left with the definite and firm conviction that a mistake has been made. *See Cook v. Rockwell Int'l Corp.,* 147 F.R.D. 237, 243 (D. Colo. 1993) quoting *Hirschfeld v. New Mexico Corrections Dept.*, 916 F.2d 572, 580 (10th Cir. 1990) and *Davidovich v. Welton (In re Davidovich)*, 901 F.2d 1533, 1536 (10th Cir. 1990).

Plaintiff in her objection contends that she sought to establish good cause. The "good cause" standard under F.R.Civ.P. 16(b) for seeking modification of a scheduling deadline does not focus on the bad faith of the moving party, or the prejudice to the opposing party, but rather focuses on the moving party's diligence in seeking to meet the scheduling order deadlines. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). "In other words, [a] court may modify the schedule on a showing of good cause if the deadline cannot be met despite the diligence of the party seeking the extension." *Id.* (internal quotation marks omitted). Here, the Court is not left with the firm conviction that a mistake has been made with regards to the denial of the third request to amend, and plaintiff cites no case law to support such a conclusion nor does she present evidence to show that the deadline cannot be met despite her diligence. A court has wide latitude under F.R.Civ.P. 16(b) in entering scheduling orders, and a refusal to modify a scheduling order is reviewed for abuse of discretion. *Burks v. Okla.*

*Pub. Co.*, 81 F.3d 975, 978 (10th Cir. 1996).  The Court overrules plaintiff's Objection

(Dkt. # 128).

## X.  CONCLUSION

Based on the foregoing reasons, the Court ORDERS as follows:

1. The Court ACCEPTS and ADOPTS in part and REJECTS in part the Recommendation of United States Magistrate Judge (Dkt. # 115) as set forth herein;

2. The Court REJECTS AS MOOT the Recommendation of the United States Magistrate Judge filed earlier (Dkt. # 57);

3. Larry Eirich's Motion to Dismiss (Dkt. # 13) is DENIED as moot;

4. Holland & Hart's Motion to Dismiss for Lack of Jurisdiction (Dkt. # 8) and Motion to Dismiss (Dkt. # 52) are DENIED as moot;

5. Plaintiff's Motion to Dismiss Holland & Hart (Dkt. # 55) is GRANTED in part and DENIED in part, and Holland & Hart is dismissed from this action with prejudice;

6. Marq Warner and Pride Investments, Inc.'s Motion to Dismiss (Dkt. # 84) is GRANTED and all claims against them are dismissed for failure to state a claim;

7. Hopkins, Tschetter, Sulzer, P.C., Victor Sulzer and Mark Tschetter's Motion to Dismiss (Dkt. # 6) is GRANTED and all claims against them are dismissed for lack of subject matter jurisdiction;

8. Plaintiff's verbal Motion to Dismiss Stanley Alleyne, State Farm Insurance and Charlton Company, made at the April 14, 2006 hearing, is GRANTED and those defendants are dismissed from this action with prejudice pursuant to F.R.Civ.P. 41(a)(2);

9. This Court DECLINES to exercise supplemental jurisdiction over plaintiff's state law tort claims and plaintiff's claims for negligence *per se* and outrageous conduct are DISMISSED;

10. Plaintiff's Objection to the Magistrate Judge's Decision (Dkt. # 128) is OVERRULED; and

11. Plaintiff's Unopposed Motion to Exclude State Farm Insurance and Charlton Company (Dkt. # 20) and Plaintiff's Unopposed Motion to Exclude Stanley Alleyne (Dkt. # 31) are DENIED AS MOOT in accordance with the ruling in paragraph 8 above.

Still pending are plaintiff's FDCPA claims against Midland Mortgage Company, Midfirst Bank and Safeguard Properties.

DATED: September 12, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge