IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 05-cv-02412 PSF-PAC

Sahar Alleyne,
an individual

           Plaintiff,

v.

Midland Mortgage Company, a foreign corporation; et al

           Defendants.

---

## PROTECTIVE ORDER ON CONFIDENTIALITY OF RECORDS

  This Court has reviewed the STIPULATED MOTION TO APPROVE PROTECTIVE ORDER ON CONFIDENTIALITY OF RECORDS filed by Plaintiff Sahar Alleyne (Plaintiff) and Defendants Midland Mortgage Co. and MidFirst Bank (Defendants Midland and MidFirst). This Court, being duly advised,

  HEREBY ORDERS:

1.  "Protected Documents" describes:

  A.  the Deed of Trust signed by Stanley Alleyne (Mr. Alleyne) that pertains to the property described as 3816 South Ceylon Way, Aurora, Colorado 80013 (Property);

  B.  the Note signed by Mr. Alleyne that pertains to the Property;

  C.  loan payoff amounts that pertain to the Note and Deed of Trust;

    D.    payment histories that pertain to the Note and Deed of Trust (with the address and social security numbers redacted);

    E.    work orders that pertain to the Property;

    F.    invoices that pertain to the Property; and

    G.    any other information that pertains to the Property.

2.    Any copies of Defendants Midland and MidFirst's Protected Documents shall remain confidential and shall not be disclosed by Plaintiff or counsel for Plaintiff to any person or entity not legitimately connected with this lawsuit and only as provided in the Protective Order entered by this Court;

3.    The Protected Documents that Defendants Midland and MidFirst provide to Plaintiff shall, without the necessity of further designation, be treated as confidential by the Plaintiff and all other parties who are, or will be, parties to this action during and after the pendency of this action;

4.    The control and distribution of the Protected Documents shall be the responsibility of the attorneys of record;

5.    If any party wishes to use any of the Protected Documents protected hereunder in connection with a pretrial motion, the protected document shall [Consistent with D.C. Colo. LCiv R. 7.2 A and 7.3] be attached to the motion or other filing in an envelope marked confidential;

6.    If either Plaintiff or Defendants Midland and MidFirst offers any of the Protected Documents protected hereunder into evidence at trial, such Protected Document, if admitted, shall be, upon publication of same to the jury and upon the jury's returning of the verdict, placed into an envelope marked "confidential";

7. Upon conclusion of this litigation, any and all copies of the Protected Documents shall be returned to counsel for Defendants Midland and MidFirst, or shall be destroyed by Plaintiff's counsel, who shall so certify to Defendants Midland and MidFirst's counsel within five business days after the date on which the documents are destroyed; and

8. Either Plaintiff or Defendants Midland and MidFirst may seek to amend the Protective Order to add other categories of documents to be designated "confidential" and to constitute Protected Documents as circumstances warrant and upon filing an appropriate motion with this Court.

DATED: November 21, 2006

BY THE COURT:

*[signature]*
United States Magistrate Judge
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

*Magistrate Judge*
*CoA*