IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02412-PSF-KLM

SAHAR ALLEYNE,

    Plaintiff,

v.

MIDLAND MORTGAGE COMPANY;
MIDFIRST BANK;
STATE FARM INSURANCE;
SAFEGUARD PROPERTIES;
CHARLTON COMPANY;
PRIDE INVESTMENTS;
MARQ WARNER;
STANLEY ALLEYNE;
HOPKINS TSCHETTER SULZER LAW FIRM;
VICTOR SULZER;
MARK TSCHETTER; and
HOLLAND & HART,

    Defendants.

## ORDER OF ADMINISTRATIVE CLOSURE

This matter is before the Court on the Recommendation of United States Magistrate Judge (Dkt. # 185), filed on October 23, 2007, in which the Magistrate Judge recommends that this case be administratively closed subject to reopening for good cause shown. None of the parties in this case has filed objections to this Recommendation.

Plaintiff filed her original complaint on November 29, 2005 (Dkt. # 1), in which she principally alleged defendants had violated various provisions of the federal Fair

Debt Collection Practices Act. The parties proceeded to litigate this action until April 20, 2007, when plaintiff filed a motion to stay the proceedings for six months while she underwent treatment for a neurological disorder (Dkt. # 173). The Magistrate Judge granted the motion, stayed the case until August 23, 2007, and ordered plaintiff to file a status report on or before that date advising the Court whether plaintiff was medically able to prosecute this action (Dkt. # 175). On August 23, 2007, plaintiff filed a status report (Dkt. # 182) advising the Court that plaintiff was not able to fully assist her counsel with this litigation in light of her medical condition.

After conducting a status conference on September 6, 2007 and reviewing *in camera* certain documents provided by plaintiff, the Magistrate Judge ordered plaintiff to "submit evidence of her medical condition **and** her competency to assist her counsel in the prosecution of her case to the Magistrate Judge on or before **October 22, 2007**." Dkt. # 184 (emphasis in original). The Magistrate Judge further noted, "In the event that such evidence is not timely submitted, the Magistrate Judge will recommend that the District Court administratively close the case, pursuant to D.C.COLO.LCivR 41.2." *Id.* (emphasis omitted). To date, plaintiff has neither submitted such evidence nor otherwise responded to the order, and the Magistrate Judge accordingly issued the underlying recommendation that the case be administratively closed.

Under D.C.COLO.LCivR 41.2, "[a] district judge . . . may direct the clerk to close a civil action administratively subject to reopening for good cause." In light of plaintiff's failure to comply with the Magistrate Judge's order and the circumstances of this case, the Court agrees that administrative closure is appropriate. Accordingly, the Court ACCEPTS the Recommendation of United States Magistrate Judge (Dkt. # 185) and

2

ORDERS that this case be administratively closed, subject to reopening for good cause shown. The Clerk of the Court shall administratively close this case in accordance with this order.

    DATED: November 27, 2007

                              BY THE COURT:

                              *s/ Phillip S. Figa*
                              _____
                              Phillip S. Figa
                              United States District Judge